UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| LUIS A. PRECIADO, | ) | No. ED CV 20-908-DSF (PLA) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |
| v. | ) ) | |
| M. E. SPEARMAN, Warden, | ) ) | |
| Respondent. | ) ) | |

**I**

**BACKGROUND**[1]

On April 19, 1995, a Riverside County Superior Court jury convicted petitioner of discharging a firearm, in violation of California Penal Code section 246.3, and second degree robbery, in violation of California Penal Code section 211. (Docket No. 1 at 1). Petitioner was sentenced to state prison for two years and eight months. (Id.). He did not appeal his conviction or sentence. (Id. at 2).

---

[1] The following background is derived from the allegations in the Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 that petitioner filed on April 28, 2020. (Docket No. 1). For purposes of this Order to Show Cause, the Court accepts all of petitioner's factual allegations as true.

On November 4, 2014, California voters passed Proposition 47, which became effective the next day. See Cal. Const., art. II, § 10(a). "Proposition 47 reclassified as misdemeanors certain drug and theft-related offenses that previously were felonies or wobblers. Proposition 47 also added a provision allowing felony offenders 'serving a sentence for a conviction' for offenses now reclassified as misdemeanors to petition to have their sentences recalled and to be resentenced." People v. Valencia, 3 Cal. 5th 347, 355, 220 Cal. Rptr. 3d 230, 397 P.3d 936 (2017) (citations omitted).

On May 30, 2018, pursuant to Proposition 47, petitioner filed an application in Riverside County Superior Court to have his 1995 robbery conviction reclassified as a misdemeanor. (Docket No. 1 at 3). On September 7, 2018, the superior court "bounded" petitioner's application to the California Court of Appeal. (Id. at 3-4). Thereafter, on November 6, 2018, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied without comment on April 17, 2019. (Id. at 4, 23).

On April 28, 2020, petitioner initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.

## II

## **PETITIONER'S CONTENTION**

Petitioner was arbitrarily denied relief under California's Proposition 47. (Id. at 5).

## III

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Having conducted a preliminary review of the Petition, the Court issues

this Order To Show Cause directed to petitioner because, as explained below, the face of the Petition suggests that petitioner's sole ground for relief is not cognizable on federal habeas review.

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).  Matters relating solely to the interpretation or application of state law generally are not cognizable on federal habeas review.  See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) (stating that "violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

Here, petitioner's claim regarding the denial of his application to reduce his felony robbery conviction to a misdemeanor under Proposition 47 challenges only the application of state law.  Accordingly, the claim is not cognizable.  See Orozco v. Cal. Dep't of Corrs., 2018 WL 1187498, at *3 (C.D. Cal. Mar. 5, 2018) ("[T]o the extent petitioner is challenging the state court's denial of his application to reduce his 1996 felony robbery conviction to a misdemeanor pursuant to California's Proposition 47, such a claim is not cognizable on federal habeas review."); McKinney v. Pfeiffer, 2017 WL1078441, at *4 (C.D. Cal. Jan. 11, 2017) (same), Report and Recommendation accepted, 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017); Adams v. Borders, 2016 WL 4523163, at *3 (C.D. Cal. July 29, 2016) (habeas claim pursuant to Proposition 47 not cognizable), Report and Recommendation adopted, 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016).  Moreover, to the extent that the California courts determined that petitioner's 1995 robbery conviction was ineligible for reclassification from a felony to a misdemeanor under Proposition 47, this Court is bound by that determination.  See Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (per curiam) (stating that "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus"); Himes v. Thompson, 336 F.3d 848, 852 (9th Cir. 2003) ("We are bound by a state's interpretation of its own laws.").

/

/

# IV

## ORDER

In light of the foregoing, petitioner is ordered to show cause why the Petition should not be dismissed for failure to allege a cognizable ground for relief. Petitioner shall file his response to this Order to Show Cause **no later than May 27, 2020**. Petitioner is admonished that failure to file a timely response to this Order to Show Cause will result in the instant Petition being summarily dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: April 29, 2020

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE