JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| LUIS A. PRECIADO, | ) | No. ED CV 20-908-DSF (PLA) |
| Petitioner, | ) | **ORDER DISMISSING PETITION** |
| v. | ) | |
| M. E. SPEARMAN, Warden, | ) | |
| Respondent. | ) | |

I

**BACKGROUND**[1]

In 1995, a Riverside County Superior Court jury convicted petitioner of discharging a firearm, in violation of California Penal Code section 246.3, and second degree robbery, in violation of California Penal Code section 211. (Docket No. 1 at 1). Petitioner was sentenced to state prison for two years and eight months. (Id.). He did not appeal his conviction or sentence. (Id. at 2).

---

[1] The following background is derived from the allegations in the Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 that petitioner filed on April 28, 2020. (Docket No. 1).

On November 4, 2014, California voters passed Proposition 47, which became effective the next day. See Cal. Const., art. II, § 10(a). "Proposition 47 reclassified as misdemeanors certain drug and theft-related offenses that previously were felonies or wobblers. Proposition 47 also added a provision allowing felony offenders 'serving a sentence for a conviction' for offenses now reclassified as misdemeanors to petition to have their sentences recalled and to be resentenced." People v. Valencia, 3 Cal.5th 347, 355, 220 Cal.Rptr.3d 230 (2017) (citations omitted).

On May 30, 2018, pursuant to Proposition 47, petitioner filed an application in Riverside County Superior Court to have his 1995 robbery conviction reclassified as a misdemeanor. (Docket No. 1 at 3). On September 7, 2018, the superior court "bounded" petitioner's application to the California Court of Appeal. (Id. at 3-4). Thereafter, on November 6, 2018, petitioner filed in the California Supreme Court a petition for writ of habeas corpus in which petitioner raised his Proposition 47 claim. The California Supreme Court denied the petition without comment on April 17, 2019. (Id. at 4, 23).

On April 28, 2020, petitioner initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Petition asserts a single claim: petitioner was arbitrarily denied relief under California's Proposition 47. (Docket No. 1 at 5).

On April 29, 2020, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Habeas Petition ("OSC"), in which petitioner was ordered to file a response showing why the Petition should not be dismissed for failure to state a claim that is cognizable on federal habeas review. (Docket No. 3). On June 3, 2020, petitioner filed a document that the Court construes as his Response to the OSC. (Docket No. 8). Petitioner in his Response asserts arguments in support of his claim that he was improperly denied relief under Proposition 47. (Id.). The Magistrate Judge subsequently discharged the OSC.

/
/
/

## II

## DISCUSSION

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Matters relating solely to the interpretation or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) (stating that "violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

As set forth in the OSC, petitioner's claim regarding the denial of his application to reduce his felony robbery conviction to a misdemeanor under Proposition 47 challenges only the application of state law. Accordingly, the claim is not cognizable. See Orozco v. Cal. Dep't of Corrs., 2018 WL 1187498, at *3 (C.D. Cal. Mar. 5, 2018) ("[T]o the extent petitioner is challenging the state court's denial of his application to reduce his 1996 felony robbery conviction to a misdemeanor pursuant to California's Proposition 47, such a claim is not cognizable on federal habeas review."); McKinney v. Pfeiffer, 2017 WL1078441, at *4 (C.D. Cal. Jan. 11, 2017) (same), Report and Recommendation accepted, 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017); Adams v. Borders, 2016 WL 4523163, at *3 (C.D. Cal. July 29, 2016) (habeas claim pursuant to Proposition 47 not cognizable), Report and Recommendation adopted, 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016). Moreover, to the extent that the California courts determined that petitioner's 1995 robbery conviction was ineligible for reclassification from a felony to a misdemeanor under Proposition 47, this Court is bound by that determination. See Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (per curiam) (stating that "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus"); Himes v. Thompson, 336 F.3d 848, 852 (9th Cir. 2003) ("We are bound by a state's interpretation of its own laws.").

Based on the foregoing, dismissal of the Petition is appropriate.

/

## III

## **CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when entering a final order adverse to the petitioner. See also 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). Thus, "[w]here a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Additionally, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

The Court concludes that, for the reasons set forth supra, jurists of reason would agree with the determination that petitioner's Proposition 47 claim is not cognizable on federal habeas review. Accordingly, a certificate of appealability is **denied**. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the Ninth Circuit Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

/

/

## IV

## ORDER

IT IS THEREFORE ORDERED that the Petition is **dismissed with prejudice** for the reasons stated above. A certificate of appealability is also denied.

DATED: June 26, 2020

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE